William R. Baldiga, Esquire
Bennett S. Silverberg, Esquire
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(212) 209-4800

and

Tristan G. Axelrod, Esquire (*Pro Hac Vice* Pending)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111

*Proposed Counsel for the*
*Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DEAN & DELUCA NEW YORK, INC., | : | Case No. 20-_____(___) |
| *et al.* | : | |
| | : | **Joint Administration Requested** |
| Debtors.[1] | : | |
| | : | |

**APPLICATION OF THE DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a)**
**AND 363(b) FOR (1) AUTHORITY TO DESIGNATE LAWTON BLOOM AND**
**JOSEPH BAUM OF ARGUS MANAGEMENT CORPORATION AS**
**CO-CHIEF RESTRUCTURING OFFICERS AND**
**(2) APPROVAL OF APPOINTMENT OF SUCH OFFICERS**

The above-captioned debtors and debtors in possession (the "Debtors" or the

"Company"), by and through their undersigned counsel, hereby submit this motion (the

---

[1]     The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification
number as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca
Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean 7 Deluca Small Format, LLC (1806);
Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the
Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

"Motion"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order substantially in the form attached hereto as **Exhibit B** authorizing the Debtors to employ and retain Argus Management Corporation ("Argus") to provide the Debtors with chief restructuring officers and related assistance and managerial services, and related relief.  In support of this Motion, the Debtors rely on the affidavit of Joseph Baum (the "Affidavit"), a copy of which is attached hereto as **Exhibit A** and which will be supplemented prior to final approval of the relief requested herein.   In further support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and, to the extent applicable, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

3.     On the date hereof (the "Petition Date"), the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

4.     The factual background regarding the Debtors, including the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Joseph Baum in Support of First-Day Pleadings* (the "Baum Declaration"),[2] which is fully incorporated herein by reference.

## Relief Requested

5.     By this Application, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and, to the extent applicable, Bankruptcy Rule 2014 and Local Rule 2014-1 of the Local Rules, the Debtors seek entry of an order, substantially in the form proposed hereto as **Exhibit B**, granting authority to employ and retain Argus Management Corporation to provide the Debtors with chief restructuring officers and related assistance.

## Basis for Relief Requested

### A.     Professional Qualifications

6.     The Debtors believe that Argus, Mr. Bloom and Mr. Baum have considerable experience in matters of this character and are well qualified to serve the Debtors in this case as Co-CROs, based on Argus' expertise and Mr. Bloom and Mr. Baum's individual backgrounds.

7.     Argus specializes in the provision of turnaround, crisis management, performance improvement and restructuring and accounting services for public and private companies, general creditors, secured parties, acquirers of non-performing companies and judicial bodies. Prior to the Chapter 11 Petition Date, commencing on March 26, 2020, the Company engaged Argus, as more fully described below.

---

[2]     All capitalized terms herein that are not otherwise defined shall have the meaning ascribed to them in the Baum Declaration.

8.      Mr. Bloom is a principal of Argus and has worked with management teams, creditors, creditors' committees and boards of directors in all aspects of distressed businesses, operational re-engineering and financial restructuring and liquidation.

9.      Mr. Bloom first joined Argus in 1999.  With Argus, he has focused on interim management, asset divestitures, equity placements and turnaround and financial advisory services engagements in a variety of industries including media, construction, manufacturing, debt collections, telecommunications, industrial contracting, and retail.

10.     Mr. Baum is a Managing Director of Argus and holds CPA, CIRA, CFE, and CFF certifications.  He has been employed by Argus since 2016 and has over 20 years of experience as a senior financial consultant to distressed companies both in and out of court. He has provided financial management and consultancy services to chapter 11 debtors across a variety of industries, including financial services, healthcare, gaming and hospitality, and retail.

11.     The Debtors believe that the retention of Argus, Mr. Bloom and Mr. Baum will be critical to the Debtors' efforts to maximize the value of their estates for the benefit of creditors. Furthermore, the Debtors believe that Argus is well-qualified and able to serve the Debtors in a cost-effective, efficient and timely manner.

B.      **Services to be Rendered**[3]

12.     The Co-CROs will render, among others, the following services to the Debtors (the "Services"):

> (i)      Working with the Debtors and their counsel to prepare initial bankruptcy filings, to fulfill ongoing filing requirements, and to prepare a bankruptcy plan and disclosure statement;

---

[3]  This summary of the Engagement Letter, including without limitation the description contained herein of Argus' scope of services, compensation and indemnification rights, is provided as a convenience only.  To the extent that the summary differs in any way from the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

(ii) working with and overseeing the Debtors' officers and professionals on the compiling and formatting of data and analyses necessary and appropriate for the Chapter 11 Cases;

(iii) overseeing and coordinating various activities related to the Chapter 11 Cases;

(iv) as appropriate, actively communicating with the Office of the United States Trustee for the Southern District of New York and its professionals, the Court, any official committees that may be formed, individual creditors and creditor groups and other parties-in-interest, as appropriate;

(v) executing affidavits and providing testimony in court proceedings as required; and

(vi) any and all other activities and/or services that are approved by the Debtors as their directors may from time to time determine appropriate, as additionally agreed to by Argus.

13. The Debtors understand that Argus intends to work closely with other professionals retained by the Debtors to ensure that there is no unnecessary duplication of services performed for or charged to the Debtors' estates.

**C.** **Professional Compensation**

14. Subject to the Court's approval, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court and guidelines established by the U.S. Trustee, pursuant to the Engagement Letter, the Debtors request that Argus will be compensated based on the following hourly rate schedule:

| | |
|---|---|
| Lawton Bloom | $550/hour |
| Joseph Baum | $515/hour |
| Staff | $225 - $400/hour |
| Paraprofessionals | $100 - $175/hour |

15. The Debtors believe that the overall compensation structure described above is competitive with compensation generally charged by restructuring services firms of similar stature as Argus for similar engagements, both in and out of court, and is straightforward and economical.

### D.  Prepetition Payments to Argus

16.     Prior to the Petition Date, the Debtors provided Argus a retainer in the amount of $250,000.  Argus seeks to hold the retainer under the Engagement Letter during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Letter.

### E.  Indemnification

17.     The Debtors will indemnify and hold harmless Argus and its shareholders, directors, officers, managers, employees, contractors, agents and controlling persons (including Mr. Bloom and Mr. Baum) (each, an "Indemnified Party") from and against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of or relating to the Engagement Letter, the execution and delivery of the Engagement Letter, services under the Engagement Letter or any matters relating to or arising from the Engagement Letter, except to the extent that any such claim, liability, obligation, damage, cost or expense shall have been determined by final non-appealable court of competent jurisdiction, to have resulted from the gross negligence or willful misconduct of the Indemnified Party or Indemnified Parties in respect of whom such liabilities are asserted.  In connection therewith, the Debtors shall advance expenses to the Indemnified Parties as provided in the Engagement Letter upon request.

18.     Both the Debtors and Argus believe that such provisions are customary and reasonable for engagements of this nature in chapter 11 proceedings.

### F.  Relationships to Debtors

19.     Although not directly applicable, Bankruptcy Rule 2014 requires that an application for retention include specific facts showing the necessity for the employment, the name of the firm to be employed, the reasons for the selection, the professional services to be

rendered, any proposed arrangement for compensation and, to the best of the applicant's knowledge, all of the firm's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Fed. R. Bankr. P. 2014.

20.    As described in detail in the Affidavit, Argus has, among other things, searched its files to determine whether it represents, or has represented, any of the Debtors' creditors or other parties-in-interest in this proceeding or matters wholly unrelated to this proceeding.

21.    To the best of the Debtors' knowledge, and except as disclosed in the Affidavit, Argus has no connection with, and holds no interest adverse to, the Debtors, their creditors, equity security holders, current or former officers and directors, or any other parties-in-interest, or their respective attorneys and accountants, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), or any person employed in the office of the U.S. Trustee in any matter relating to the Debtors or their estates.

22.    Argus has informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Argus will supplement its disclosure to the Court.

**<u>Applicable Authority</u>**

23.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Additionally, section 105(a) of the Bankruptcy Code allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

24.     This Court should approve the retention and appointment of the CRO, even if outside the ordinary course of business, if the Debtors demonstrate a sound business justification for the transactions.   See, e.g., Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); see also In re Martin, 91 F.3d 389, 395 (3d Cir. 1996) (citing In re Schipper, 933 F.2d 513, 515 (7th Cir. 1991)); In re Delaware Hudson Ry. Co., 124 B.R. 169, 179 (D. Del. 1991).   Once the debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'"   In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).   The business judgment rule has vitality in Chapter 11 cases and shields a debtor's management from judicial second-guessing.   See id.; Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions").   Here, the "sound business justification" test is satisfied.

25.     When supported by sound business judgment, bankruptcy courts in this District have authorized the employment by a debtor of officers pursuant to section 363 of the Bankruptcy Code.   See In re Lehman Bros. Holdings, Inc., Ch. 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 17, 2008)[Docket No. 2278]; In re PRC, LLC, Ch. 11 Case No. 08-10238 (MG) (Bankr. S.D.N.Y. Feb. 27, 2008) [Docket No. 182]; In re Bally Total Fitness of Greater N.Y., Inc., Ch. 11 Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug 21, 2007)[Docket No. 283]; In re Dana Corp., Ch. 11 Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 29, 2006)[Docket

No. 740]; <u>In re Penn Traffic Co.</u>, Ch. 11 Case No. 03-22945 (ASH) (Bankr. S.D.N.Y. July 9, 2003) [Docket No. 260]; <u>In re Acterna Corp.</u>, Ch. 11 Case No. 03-12837 (BRL) (Bankr. S.D.N.Y. July 9, 2003) [Docket No. 163]; <u>In re Worldcomm, Inc.</u>, Ch. 11 Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Dec. 10, 2002)[Docket No. 2263].

26.     Here, the approval of the Engagement Letter and appointment of Argus Management Company ("Argus") and the Co-CROs is a sound exercise of the Debtors' business judgment. Because of Argus, Mr. Bloom and Mr. Baum's extensive experience as advisors for troubled companies, the Debtors believe that their retention will greatly facilitate the Debtors' reorganization, for the benefit of the Debtors' creditors, shareholders and all parties-in-interest.

27.     In view of the foregoing, the Debtors firmly believe that under section 363 of the Bankruptcy Code, the retention of the Argus and the Co-CROs is appropriate and in the best interests of the Debtors and their estates and creditors.

### Notice

28.     No trustee, examiner, or official committee has been appointed in this chapter 11 case. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the Debtors' pre-petition secured lender Siam Commercial Bank Public Company Limited; (iii) the Debtors' thirty (30) largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions; (iv) those parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002; and (v) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice is required.

29.     In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**WHEREFORE,** based on the facts and disclosures above, the Debtors respectfully request that the Court enter an order in the form proposed hereto as **Exhibit B** respectively, granting authority to employ and retain Argus Management Corporation ("Argus") to provide the Debtors with chief restructuring officers and related assistance, and related relief.

Dated:  March 31, 2020

<div style="margin-left:auto; width:50%;">

Dean & Deluca New York, Inc., and its affiliated Debtors and Debtors-in-Possession


By:  /s/ Joseph Baum
     Name: Joseph Baum
     Title:   Co-CRO

</div>

# Exhibit A

# Affidavit of Joseph Baum

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| DEAN & DELUCA NEW YORK, INC., | : | Case No. 20-_____(___) |
| *et al.* | : | |
| | : | **Joint Administration Requested** |
| Debtors.[1] | : | |
| | : | |

**AFFIDAVIT OF JOSEPH BAUM IN SUPPORT OF**
**APPLICATION OF THE DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a)**
**AND 363(b) FOR (1) AUTHORITY TO DESIGNATE LAWTON BLOOM AND**
**JOSEPH BAUM OF ARGUS MANAGEMENT CORPORATION AS**
**CO-CHIEF RESTRUCTURING OFFICERS AND**
**(2) APPROVAL OF APPOINTMENT OF SUCH OFFICERS**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

JOSEPH BAUM, being duly sworn, deposes and says:

1.      I am a Managing Director of Argus Management Corporation ("Argus"), a financial advisory services firm with an office in New York, New York. I submit this affidavit on behalf of Argus, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in support of the Debtors' Application Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for entry of an order authorizing the Debtors to employ and retain Argus to provide the Debtors with chief restructuring officers and related assistance and managerial services, and

---

[1]      The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number as are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean 7 Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

related relief, dated March 31, 2020 (the "Application"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

I.    Proposed Compensation.

30.    Subject to the Court's approval, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court and guidelines established by the U.S. Trustee, pursuant to the Engagement Letter, the Debtors request that Argus will be compensated based on the following hourly rate schedule:

| Lawton Bloom | $550/hour |
| Joseph Baum | $515/hour |
| Staff | $225 - $400/hour |
| Paraprofessionals | $100 - $175/hour |

2.    Prior to the Petition Date, the Debtors provided Argus a retainer in the amount of $250,000.  Argus seeks to hold the retainer under the Engagement Letter during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Letter.

II.    Argus' Connections in this Chapter 11 Case.

3.    In connection with the Debtors' proposed retention of Argus, an extensive review (the "Connections Check") of Argus' clients, adverse parties and related parties (collectively, "Firm Connections") was performed to ascertain whether Argus had any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with the Debtors herein, their creditors, any other party in interest herein, or their respective attorneys or accountants, to the extent any such entities were known at such time (the "Case Parties").

4.    Argus has received a list of the Case Parties, as compiled by the Debtors, attached as **Schedule 1** hereto, and has compared this to Argus's records to determine the existence of any possible conflicts (the "Conflict Check").  The results of this Conflict Check are disclosed

herein.  This list was represented by the Debtors to be comprehensive and include the following categories of parties:  the Debtors and their affiliates, officers and directors of the Debtors and their affiliates, creditors, equity holders, landlords, professionals, and other parties-in-interest.

5.      To the best of my knowledge after diligent inquiry, neither Argus, nor any professional associated with or employed by Argus, has any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with the Debtors herein, its creditors, any other party in interest herein, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except to the extent set forth on <u>Schedule 2</u>. Notwithstanding any "connection" set forth on <u>Schedule 2</u>, and except as set forth herein, to the best of my knowledge, any "connection" of Argus to the matched entities is limited to matters unrelated to the Debtors' Chapter 11 Cases.

6.      Notably, in previous years, Argus provided financial consultancy services to the Debtors.  Argus terminated its consultancy engagement with the Debtors on or about March 2, 2018, more than two years prior to its engagement as described in the Application.  Argus had no contact and no professional relationship with the Debtors during the intervening period.  At no time did Argus or any of its personnel serve as a director, officer, or employee of any of the Debtors prior to the Petition Date.  Accordingly, Argus believes it is a "disinterested person" as defined at Section 101(14)(B) notwithstanding its prior relationship with the Debtors.

7.      Argus has been involved in a number of unrelated cases with various professionals involved in this case, both in adverse and non-adverse roles.

8.      Argus has not and will not represent any of the creditors, investors, potential acquirers, parties in interest, attorneys, financial advisors, accountants or any other entity in connection with these Chapter 11 Cases.

9.      Argus has not, does not, and will not represent any of the entities listed above (or their affiliates) in matters related to the Debtors or their Chapter 11 Cases.

10.     Argus will file appropriate supplemental disclosure(s) with the Court to the extent that additional information concerning any connections is discovered.

11.     Argus is not a creditor of the Debtors.

12.     Moreover, Argus does not hold or represent an adverse interest to the Debtors' estates.

/s/ Joseph Baum
Joseph Baum
Co-CRO

## **Schedule 1**

## **Case Parties**

(See attached)

| Entity Name | Relationship to Debtor |
|---|---|
| Dean & DeLuca, Inc. | Debtor |
| Dean & DeLuca Brands, Inc. | Debtor |
| Dean & DeLuca International, LLC | Debtor |
| Dean & DeLuca Small Format, LLC | Debtor |
| Dean & DeLuca New York, Inc. | Debtor |
| Dean & DeLuca Atlanta, LLC | Debtor |
| Dean & DeLuca Markets, LLC | Debtor |
| D&D Marketing, LLC | Debtor Affiliate |
| D&D Productions, LLC | Debtor Affiliate |
| D&D Fourteen Ltd. | Debtor Affiliate |
| D&D Cafes of NC, LLC | Debtor Affiliate |
| D&D Mount Ltd. | Debtor Affiliate |
| D&D Small Format LQ, LLC | Debtor Affiliate |
| D&D Consumer Brands Inc. | Debtor Affiliate |
| D&D New Jersey, Inc. | Debtor Affiliate |
| D&D Espresso DC, Inc. | Debtor Affiliate |
| D&D Incorporated | Debtor Affiliate |
| D&D Imports, Inc. | Debtor Affiliate |
| D&D Brands Hawaii, LLC | Debtor Affiliate |
| Gaetano & Barteau | Debtor Affiliate |
| D&D Madison Ave, Inc. | Debtor Affiliate |
| D&D Espresso, Inc. | Debtor Affiliate |
| D&D Georgetown, Inc. | Debtor Affiliate |
| D&D Call Center, Inc. | Debtor Affiliate |
| Sorapoj Techakraisri | Officer/Director |
| Pace Development Corporation | Indirect Equity Holder |
| Pace Food Retail Co., Ltd. | Equity Holder |
| Brown Rudnick LLP | Debtors' counsel |
| Argus Management Corporation | CRO Support |
| Lawton Bloom | Proposed CRO |
| Joseph Baum | Proposed CRO |
| Siam Commercial Bank Public Company Limited | Secured Creditor |
| Chapman and Cutler LLP | Secured Creditor Counsel |
| 33 Ninth Retail Owner LLC | Creditor |
| SLG Graybar Mesne Lease LLC | Creditor |
| Internal Revenue Service Center | Creditor |
| Interserv | Creditor |
| OS Development NY LLC. | Creditor |
| Us. Foods Inc. | Creditor |
| Accenture LLP | Creditor |
| Laura Lendrum | Creditor |
| United Parcel Service | Creditor |

| Entity Name | Relationship to Debtor |
|---|---|
| 40 Wall Street LLC | Creditor |
| The Chef's Warehouse/Dairyland | Creditor |
| Four Seasons Produce Inc. | Creditor |
| Lagardere Unlimited Consulting, LLC | Creditor |
| Ernst & Young LLP | Creditor |
| Andrew Adams Inc. | Creditor |
| North Rip Trading, Inc. | Creditor |
| Mcgriff, Seibels & Williams, Inc. | Creditor |
| Jamestown Premier Malibu Village, LP | Creditor |
| Finch & Partners | Creditor |
| Cushman & Wakefield, Inc. | Creditor |
| Ministry Of Finance | Creditor |
| Luxe Collective Group | Creditor |
| Cooling Guard | Creditor |
| Hale & Hearty | Creditor |
| I Am Other Ventures, LLC | Creditor |
| Meade Digital Enterprises Corp. | Creditor |
| Oasis Staffing | Creditor |
| Nahan | Director |
| Rsj Group Corporation/Rosanjin | Creditor |
| Mariage Freres International S.A. | Creditor |
| Linda Riffkin | SDNY U. S. Trustee |
| Andrea B. Schwartz | SDNY U. S. Trustee |
| Hon. Cecelia G. Morris | Judge |
| Hon. Stuart M. Bernstein | Judge |
| Hon. Shelley C. Chapman | Judge |
| Hon. Robert D. Drain | Judge |
| Hon. James L. Garrity Jr. | Judge |
| Hon. Martin Glenn | Judge |
| Hon. Robert E. Grossman | Judge |
| Hon. Sean H. Lane | Judge |
| Hon. Michael E. Wiles | Judge |

## <u>Schedule 2</u>

Argus has retained Brown Rudnick in the past in connection with an unrelated litigation matter.

Argus and Brown Rudnick either currently or historically have worked together in the following unrelated matters:

1) Argus currently provides financial advisory services with respect to an unrelated dispute where Brown Rudnick is special outside counsel;

2) Argus currently serves as Chief Restructuring Officer and a member of the board of directors in a restructuring matter where Brown Rudnick is special counsel;

3) Argus is retained as an expert witness where Brown Rudnick is counsel to a Plan Trustee;

4) In or around 2012, Brown Rudnick represented an unrelated client in connection with restructuring and related issues.  In that case Brown Rudnick recommended Argus, and Argus was retained as financial/restructuring advisor; and

5) Argus formerly served as Chief Restructuring Officer in the HMP Services Holding Sub III, LLC, et al., Chapter 11 case in Delaware and the Partsearch Technologies, Inc. and Aereo, Inc. Chapter 11 cases in the Southern District of New York, in which Brown Rudnick, LLP was retained as co-counsel to the Debtors.

Argus and Chapman and Cutler LLP either currently or historically have worked together on the following unrelated matters:

1) Argus currently serves as Chief Restructuring Officer and a member of the board of directors of a company whose only remaining asset is a pending tax refund where Chapman and Cutler LLP represents the agent for company's senior lender group who is also an equity holder;

2) Argus currently serves as a member of the board of directors responsible for winding down a company where Chapman and Cutler LLP represents the senior lender.  The company has no assets and the only pending items is filing final tax returns; and

3) In 2010, Argus served Chief Restructuring Officer in a restructuring matter where Chapman and Cutler represented the agent for the lender group.

# Exhibit B

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DEAN & DELUCA NEW YORK, INC., | : | Case No. 20-_____(____) |
| *et al.* | : |  |
|  | : | **Joint Administration Requested** |
| Debtors.[1] | : |  |
|  | : |  |

---

<div align="center">

**ORDER GRANTING DEBTORS' APPLICATION
PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR
AUTHORITY TO (1) DESIGNATE LAWTON BLOOMAND JOSEPH BAUM OF
ARGUS MANAGEMENT CORPORATION AS CO-CHIEF RESTRUCTURING
OFFICERS AND (2) APPROVE THE APPOINTMENT OF SUCH OFFICERS**

</div>

Upon the Debtors' application (the "Application")[2] pursuant to 11 U.S.C. §§ 105(a) and

363(b) for entry of an order authorizing the Debtors to employ and retain Argus Management

Corporation ("Argus") to provide the Debtors with chief restructuring officers and related

assistance and managerial services, and related relief, the Court finds that jurisdiction over this

matter is proper and that notice of the Application and the hearing thereon was sufficient under

the circumstances, and upon the record herein after due deliberation thereon, good and sufficient

cause exists for the relief granted herein:

It is hereby **ORDERED, ADJUDGED AND DECREED** that:

---

[1] The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number as as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean 7 Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

[2] Unless the context indicates otherwise, capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

The Application is **GRANTED** to the extent set forth herein.

1.     The Debtors are authorized, pursuant to Section 363(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016, to employ and retain Argus to provide the services of Lawton Bloom and Joseph Baum as Co-Chief Restructuring Officers of the Debtors, on the terms described in the Application and the Engagement Letter.

2.     Argus and its affiliates shall not act in any other capacity than that described in the Application and the Engagement Letter in connection with the above-captioned case.

3.     Mssrs. Bloom and Baum shall continue to act as Co-CROs under the direction, control and guidance of the Debtors' director(s) and shall serve at their pleasure.

4.     In the event the Debtors seek to have Argus personnel assume executive officer positions that are different than the positions disclosed in the Application and the Engagement Letter, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

5.     No principal, employee or independent contractor of Argus and its affiliates shall serve as a director of the above-captioned Debtors during the pendency of the above-captioned Chapter 11 Cases.

6.     The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors.

7.     There shall be no indemnification of Argus or its affiliates except as set forth in the Application and the Engagement Letter.

8.     Except to the extent otherwise provided herein, and notwithstanding that Argus shall be compensated pursuant to Section 363(b) of the Bankruptcy Code, Argus shall file fee

applications for interim and final allowance of compensation and reimbursement of expenses in a manner consistent with the requirements of Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, orders of this Court, and the U.S. Trustee's guidelines for compensation and reimbursement of expenses. Argus shall comply with any order entered by the Court regarding interim compensation of professionals.

9.      Argus and its professionals shall be excused from any requirement to maintain detailed time records in connection with the services rendered pursuant to the Engagement Letter; provided, however, that Argus will nonetheless maintain daily records, in summary format, which shall indicate the total hours incurred by each professional for each day, in one half hour (.5) increments, and a brief description of the nature of the work performed, and present such records together with its fee applications.

10.     All requests by Argus for the payment of indemnification as set forth in the Application and/or Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and/or Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Argus be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

11.     In the event that Argus seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Application and/or Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Argus's own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines, the UST Guidelines and

the approval of the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney[s] have been retained under Section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code.

12. Argus shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in the foregoing sentence is a continuing obligation.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

Dated: _____, 2020       _____
                                    United States Bankruptcy Judge

63712344 v7

5