William R. Baldiga
Bennett S. Silverberg
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: wbaldiga@brownrudnick.com
Email: bsilverberg@brownrudnick.com

     -and-

Tristan G. Axelrod (admitted *pro hac vice*)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8456
Email: taxelrod@brownrudnick.com

*Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| DEAN & DELUCA NEW YORK, INC., *et al.*, | : Case No. 20-10916 (MEW) |
| | : |
| Debtors. [1] | : Jointly Administered |
| | : |

## NOTICE OF PRESENTMENT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SAUL EWING ARNSTEIN & LEHR LLP AS SPECIAL COUNSEL TO THE DEBTORS

---

[1]     The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean & Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

**PLEASE TAKE NOTICE** that upon the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Saul Ewing Arnstein & Lehr LLP as Special Counsel to the Debtors* (the "Application"), the undersigned will present the attached proposed order (the "Proposed Order") to the Honorable Michael E. Wiles, United States Bankruptcy Judge, Courtroom 617, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004 on **June 11, 2020 at 12:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Proposed Order must (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the Southern District of New York; (iii) set forth the name of the objecting party; (iv) state with particularity the basis for the objection and the specific grounds therefore; (v) be filed with the Clerk of the Bankruptcy Court with a copy provided to the Bankruptcy Court's chambers, One Bowling Green, New York, New York 10004; and (vi) be served upon (a) the attorneys for the Debtors, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: William R. Baldiga and Bennett S. Silverberg, Esqs.) and Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Tristan G. Axelrod, Esq,); (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Andrea B. Schwartz, Esq.); (c) the proposed attorneys for the Committee, Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019 (Attn: George P. Angelich and Jordana L. Renert, Esqs.); (d) counsel to the Debtors' prepetition and postpetition secured lender The Siam Commercial Bank Public Company Limited, Chapman and Cutler LLP, 1270 Avenue of the Americas, New York, New York 10020 (Attn: Larry G. Halperin, and Joon P. Hong, Esqs.); (e) any parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002; and (f) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-l(b), so as to be received no later than **June 11, 2020 at 11:30 a.m. (prevailing Eastern Time)**. The ECF docket number to which the filing relates shall be included in the upper right-hand corner of the caption of all objections.

[remainder of page left intentionally blank]

36990345.1 05/28/2020

Unless objections are received by that time, the order may be signed.

Dated: May 28, 2020                 **BROWN RUDNICK LLP**

By:     */s/  William R. Baldiga*
          William R. Baldiga
          Bennett S. Silverberg
          Seven Times Square
          New York, NY 10036
          Telephone: (212) 209-4800
          Email:  wbaldiga@brownrudnick.com
          Email:  bsilverberg@brownrudnick.com

              -and-

          Tristan G. Axelrod (admitted *pro hac vice*)
          One Financial Center
          Boston, MA 02111
          Telephone:  (617) 856-8456
          Email:  taxelrod@brownrudnick.com

          *Counsel to the Debtors and Debtors in Possession*

36990345.1 05/28/2020

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| DEAN & DELUCA NEW YORK, INC., *et al.*, | : Case No. 20-10916 (MEW) |
| | : |
| Debtors. [1] | : Jointly Administered |
| | : |
| | : |
| | : |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SAUL EWING ARNSTEIN & LEHR LLP AS SPECIAL COUNSEL TO THE DEBTORS

The above-captioned debtors and debtors-in-possession (the "Debtors" or the "Company"), hereby submit this application (this "Application") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the retention and employment of Saul Ewing Arnstein & Lehr LLP ("SEA&L" or "Firm") as special counsel to the Debtors in connection with matters adverse to Charles Finch or any entity owned or controlled by Charles Finch (collectively "Finch"). In support of this Application, the Debtors rely on the Declaration of Monique B. DiSabatino, Esquire ("DiSabatino Declaration"), a copy of which is attached hereto as Exhibit B, and the Declaration of Joseph Baum (the "Baum Declaration"), a copy of which is attached hereto as Exhibit C, and respectfully represent as follows:

---

[1]     The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean & Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

**Jurisdiction and Venue**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief sought herein are  for the relief requested in this Application are section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

3.    On March 31, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  On April 23, 2020, the Office of the United States Trustee appointed the official committee of unsecured creditors of *Dean & DeLuca New York, Inc.*, *et al.* [D.I. 34] (the "Committee").

4.    The factual background regarding the Debtors, including the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Joseph Baum, Proposed Co-Chief Restructuring Officer of Dean & Deluca, Inc. and its Affiliated Debtors and Debtors-in-Possession, in Support of First-Day Motions* (the "First Day Declaration"), which is fully incorporated herein by reference.

36990345.1 05/28/2020

## Relief Requested

5.     By this Application, the Debtors respectfully request the entry of an Order, substantially in the form of the Proposed Order, authorizing the Debtors to employ and retain SEA&L as special bankruptcy counsel to the Debtors.

## SEA&L's Qualifications

6.     The Debtors seek to retain SEA&L to serve as special counsel in these cases because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  The Debtors believe that SEA&L's expertise and experience will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates and that SEA&L is well-qualified to serve as special counsel with respect to matters involving Finch or any other matters in which Brown Rudnick LLP ("Brown Rudnick") may have a conflict of interest.

## Services to be Provided

7.     The Debtors respectfully submit that it will be necessary to employ and retain SEA&L to serve as special counsel pursuant to section 327(e) of the Bankruptcy Code to render solely the following services as directed by the Debtors (the "Services"):

> a.     advise and assist the Debtors in all respects regarding their rights, powers and duties in connection to matters adverse to Finch including, without limitation, the review, analysis, negotiation and litigation of any claims or actions involving Finch in which the Debtors hold an adverse interest; and
>
> b.     at the Debtors' request, advise and assist the Debtors in all respects regarding other matters on behalf of the Debtors in which Brown Rudnick has a conflict of interest.

8.     By separate application, the Debtors have obtained Court approval of the retentions of, *inter alia*: (i) Brown Rudnick as counsel to the Debtors; and (ii) Argus

36990345.1 05/28/2020

Management Corporation to provide a chief restructuring officer. In addition, the Debtors also may file motions or applications to employ additional professionals.

9.     These professionals work, and will continue to work, under the direction of the Debtors' management. The Debtors' management is committed to minimizing duplication of services to reduce professional costs. Given Brown Rudnick's representation of Finch in other matters, and in order to avoid any potential conflict of interest, Brown Rudnick will not be partaking in any legal matters or issues in which the Debtors are adverse to Finch. SEA&L is therefore being retained by the Debtors, subject to Court approval, solely to provide advice and other assistance in matters adverse to Finch and with respect to the other Services set forth above. Brown Rudnick shall represent the Debtors in all other matters not set forth in the Services to be performed by SEA&L.

## **Terms of Retention**

10.    The terms of SEA&L's employment provide generally that certain attorneys and other personnel within the Firm will undertake this representation at their standard hourly rates, and that SEA&L will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and other applicable orders of this Court.

11.    The present hourly rates for attorneys and paralegals of the Firm are set forth in the DiSabatino Declaration attached hereto. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect increased expertise and experience in one's area of law.

12.    SEA&L will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, telephone and telecopier toll and other

4

charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.10 per page, travel expenses, expenses for "working meals", computerized research, transcription costs, as well as non-ordinary overhead expenses and other out-of-pocket expenses incurred in providing professional services to the Debtors. SEA&L will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

13.     As noted above, SEA&L will file fee applications with the Court, and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court. SEA&L also intends to make a reasonable effort to comply with the UST's requests for information and additional disclosures, as set forth in the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* ("UST Guidelines").

## **Compensation**

14.     SEA&L was retained by the Debtors pursuant to an engagement letter dated May 28, 2020. SEA&L has not received a retainer or any other payments from the Debtors to date.

15.     As set forth in the DiSabatino Declaration, SEA&L has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

## **SEA&L's Disinterestedness**

16.     Bankruptcy Code section 327(e) empowers a debtor, with the Court's approval, to employ, for a special purpose, attorneys that have represented the debtors, if employment in the best interest of the estate, and if the attorney "does not represent or hold any interest adverse to

the debtor or to the estate with respect to the matter on which such attorney is to be employed."
11 U.S.C. § 327(e)

17.    As described in detail in the attached DiSabatino Declaration, SEA&L conducted a search of its conflict database with respect to the Debtors and a list of parties-in-interest and potential parties-in-interest in the Chapter 11 Cases.  The scope of that conflicts search is set out on Exhibit 1 to the DiSabatino Declaration and the results of the conflicts search are set forth on Exhibit 2 to the DiSabatino Declaration.  Based on the results of the conflicts search, SEA&L has informed the Debtors that, except as may be set forth in the DiSabatino Declaration, SEA&L (a) does not hold or represent any interest adverse to the Debtors' estates, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

18.    SEA&L has also informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered or arise, SEA&L will supplement its disclosure to the Court.

19.    For the reasons set forth above, the Debtors submit that SEA&L's employment is necessary and in the best interests of the Debtors and their estates.

**Best Interests of the Estate**

20.    The Debtors believe that SEA&L's expertise and familiarity with these chapter 11 cases is essential to the Debtors' efficient reorganization. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested herein should be granted.

**Notice**

21.    Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the Debtors' pre-petition secured lender, Siam Commercial Bank Public

Company Limited; (iii) counsel to the Committee; (iv) those parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002; and (v) all parties entitled to notice pursuant to Local Rule 9013-1(b). The Debtors submit that no other or further notice is required. The Debtors submit that no other or further notice need be provided.

**No Prior Request**

22.     The Debtors have not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order: (i) authorizing and approving the employment and retention of SEA&L as special counsel to the Debtors; and (ii) granting such other and further relief as the Court deems appropriate.

Dated: May 28, 2020      **Dean & DeLuca New York, Inc. and its affiliated Debtors and Debtors in Possession**

By:     _/s/ Joseph Baum_
        Name: Joseph Baum
        Title: Co-Chief Restructuring Officer

36990345.1 05/28/2020

# **Exhibit A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| DEAN & DELUCA NEW YORK, INC., *et al.*, | : | Case No. 20-10916 (MEW) |
| | : | |
| Debtors. [1] | : | Jointly Administered |
| | : | |
| | : | |
| | : | |

## ORDER AUTHORIZING THE EMPLOYMENT
## AND RETENTION OF SAUL EWING ARNSTEIN &
## LEHR LLP AS SPECIAL COUNSEL TO THE DEBTORS

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an
order authorizing and approving the employment of Saul Ewing Arnstein & Lehr LLP
("SEA&L") as special counsel to the Debtors; and upon the DiSabatino Declaration and the
Baum Declaration; and it appearing that the relief requested is in the best interests of the
Debtors' estates, creditors and other parties-in-interest; and this Court having jurisdiction to
consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334;
and consideration of the Application and the relief requested therein being a core proceeding
pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.
§§ 1408 and 1409; and due and proper notice of the Application having been provided under the
particular circumstances; and it appearing that no other or further notice need be provided; and,
based upon the DiSabatino Declaration, this Court being satisfied that (i) SEA&L represents no

---

[1] The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean & Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

36990345.1 05/28/2020

interest adverse to the Debtors' estates, creditors, or equity holders, (ii) SEA&L, to the extent required, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) the employment of SEA&L is necessary and would be in the best interest of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. Pursuant to section 327(e) of the Bankruptcy Code, the Debtors are authorized to employ and retain SEA&L as special counsel to the Debtors, effective as of the date of this Order, to perform the following Services:

   a. advise and assist the Debtors in all respects regarding their rights, powers and duties in connection to matters adverse to Finch including, without limitation, the review, analysis, negotiation and litigation of any claims or actions involving Finch in which the Debtors hold an adverse interest; and

   b. at the Debtors' request, advise and assist the Debtors in all respects regarding other matters on behalf of the Debtors in which Brown Rudnick has a conflict of interest.

3. SEA&L shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

4. SEA&L shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with this Application and the interim and final fee applications to be filed by SEA&L in the Chapter 11 Cases.

36990345.1 05/28/2020

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction over any and all matters arising, from or related to the interpretation or implementation of this Order.

Dated:          , 2020

_____
The Honorable Micheal E. Wiles
United States Bankruptcy Judge

# Exhibit B

**DISABATINO DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DEAN & DELUCA NEW YORK, INC., *et al.*, | : | Case No. 20-10916 (MEW) |
|  | : |  |
| Debtors. [1] | : | Jointly Administered |
|  | : |  |
|  | : |  |
|  | : |  |

### DECLARATION OF MONIQUE B. DISABATINO IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SAUL EWING ARNSTEIN & LEHR LLP AS SPECIAL COUNSEL TO THE DEBTORS

I, Monique B. DiSabatino, being duly sworn, state the following under penalty of perjury.

1.      I am a partner in the law firm of Saul Ewing Arnstein & Lehr LLP ("SEA&L"), which maintains offices for the practice of law at 1201 N. Market Street, Suite 2300, Wilmington, Delaware, as well as in Fort Lauderdale, Miami and West Palm Beach, Florida, Chicago, Illinois, Philadelphia, Harrisburg, Chesterbrook, and Pittsburgh, Pennsylvania, Newark and Princeton, New Jersey, Baltimore, Maryland, Boston, Massachusetts, Minneapolis, Minnesota, New York, New York and Washington, D.C., and am duly admitted to practice law in the States of Delaware and New Jersey, the Commonwealth of Pennsylvania, and the United States District Courts for the District of Delaware, the District of New Jersey, and the Eastern District of Pennsylvania.

---

[1]      The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean & Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

2.     I am in all respects competent to make this Declaration ("Declaration") in support

of the application ("Application")[2] of the above-captioned debtors ("Debtors") to retain SEA&L

as special counsel in connection with any matters adverse to Charles Finch or any entity owned

or controlled by Charles Finch (collectively "Finch") and, at the Debtors' request, any other

matters in which Brown Rudnick has a conflict of interest, and in compliance with section 329(a)

of the Bankruptcy Code and Bankruptcy Rule 2016(b)

3.     The facts set forth in this Declaration are personally known to me and, if called as

a witness, I could and would testify thereto.

### Services to be Provided

4.     The Debtors seek to employ and retain SEA&L to serve as special counsel

pursuant to section 327(e) of the Bankruptcy Code to render solely the following services as

directed by the Debtors (the "Services"):

    a.    advise and assist the Debtors in all respects regarding their rights, powers
and duties in connection to matters adverse to Finch including, without
limitation, the review, analysis, negotiation and litigation of any claims or
actions involving Finch in which the Debtors hold an adverse interest; and

    b.    at the Debtors' request, advise and assist the Debtors in all respects
regarding other matters on behalf of the Debtors in which Brown Rudnick
has a conflict of interest.

5.     By separate application, the Debtors have obtained Court approval of the

retentions of, *inter alia*: (i) Brown Rudnick as counsel to the Debtors; and (ii) Argus

Management Corporation to provide a chief restructuring officer.  In addition, the Debtors also

may file motions or applications to employ additional professionals.

---

[2]    Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the
Application.

36990345.1 05/28/2020

6.　　These professionals work, and will continue to work, under the direction of the Debtors' management.  The Debtors' management is committed to minimizing duplication of services to reduce professional costs.  Given Brown Rudnick's representation of Finch in other matters, and in order to avoid any potential conflict of interest, Brown Rudnick will not be partaking in any legal matters or issues in which the Debtors are adverse to Finch.  SEA&L is therefore being retained by the Debtors, subject to Court approval, solely to provide advice and other assistance in matters adverse to Finch and with respect to the other Services set forth above. Brown Rudnick shall represent the Debtors in all other matters not set forth in the Services to be performed by SEA&L.

### Compensation

7.　　SEA&L was retained by the Debtors pursuant to an engagement letter dated May 28, 2020.  SEA&L has not received a retainer or any other payments from the Debtors to date.  In addition, within the year preceding the Petition Date, SEA&L has not received payments from the Debtors on account of services rendered or to be rendered in contemplation of or in connection with the Chapter 11 Cases.

8.　　SEA&L intends to apply for compensation for professional services rendered in connection with the chapter 11 cases subject to the approval of this Court and compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the UST Guidelines and any Orders entered in these chapter 11 cases concerning compensation of professionals, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

36990345.1 05/28/2020

9.     The attorneys expected to be primarily responsible for representing the Debtors with respect to the Services to be rendered by SEA&L, and their current standard hourly rates, are:

| Name | Title | 2020 Hourly Rate |
|---|---|---|
| Mark Minuti | Partner | $760 |
| Monique B. DiSabatino | Partner | $450 |
| Melissa A. Martinez | Associate | $315 |

10.     In addition, other attorneys and paralegals will be involved as necessary and appropriate to represent the Debtors respect to the Services to be rendered by SEA&L, and SEA&L's hourly rates for other attorneys and professionals are as follows:

| Billing Category | Range |
|---|---|
| Partners | $410 - $1025 |
| Special Counsel | $395 - $850 |
| Associates | $260 - $475 |
| Paraprofessionals | $125 - $370 |

11.     These hourly rates are subject to periodic adjustment (typically in January or July of each year) to reflect economic and other conditions.  SEA&L will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is SEA&L's policy to charge its clients for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.10 per page, travel expenses, expenses for "working meals", computerized research, transcription costs, as well as non-ordinary overhead expenses (which shall not include secretarial or other overtime in these cases).  The Firm will charge the Debtors for these

expenses in a manner and at rates consistent with charges made generally to the Firm's other clients, subject to the Local Rules of this Court.

12. No promises have been received by SEA&L, nor by any partner, counsel, or associate thereof, as to compensation in connection with the chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code. SEA&L has no agreement with any other entity to share with such entity any compensation received by SEA&L in connection with these cases.

13. Consistent with Part D(1) of the UST Guidelines, I state as follows:

| **Questions required by Part DI of 2013 UST Guidelines:** | **Answer:** |
| --- | --- |
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | Not applicable. |
| Has your client approved your respective budget and staffing plan, and if so, for what budget period? | The Debtors approved or will be approving a prospective budget and staffing plan for SEAL's engagement for the postpetition period, as appropriate. In accordance with the UST Guidelines, the budget may be amended as necessary to reflected changed or unanticipated developments. |

## SEA&L's Disinterestedness

14.     To determine its relationship with parties-in-interest in the chapter 11 cases, SEA&L researched its database to determine whether it has any relationships with the entities on the "Conflicts Search List" attached hereto as Exhibit 1 and incorporated herein.  The entities set forth on Exhibit 1 are comprised of the Debtors and other known or anticipated parties-in-interest in the chapter 11 cases.  All of the entities on Exhibit 1 were searched through SEA&L's computer system and circulated to all attorneys at SEA&L to determine whether SEA&L has any relationship therewith.  SEA&L will continue to supplement this Declaration as appropriate upon completion of its additional search and as additional creditors, equity holders, or parties-in-interest are identified in this case.

15.     To the extent that such search indicated that SEA&L has a relationship with any such entity in matters unrelated to the chapter 11 cases, the identities of such entities are set forth on Exhibit 2.

16.     As set forth in greater detail on Exhibit 2, and subject to any explanations and/or exceptions contained therein, SEA&L (a) does not hold or represent any interest adverse to the Debtors in matters upon which it is to be engaged, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

17.     In light of the extensive number of creditors and other parties-in-interest in these cases, neither SEA&L nor I are able to conclusively identify all potential relationships.  To the extent that SEA&L discovers any facts bearing on the matters described herein during the period of SEA&L's retention, SEA&L will amend and supplement the information contained in this Declaration to disclose such facts.

36990345.1 05/28/2020

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 28, 2020

/s/ Monique B. DiSabatino
Monique B. DiSabatino

# Exhibit 1

## Potential Parties in Interest List

| Entity Name | Relationship to Debtor |
|---|---|
| Dean & DeLuca, Inc. | Debtor |
| Dean & DeLuca Brands, Inc. | Debtor |
| Dean & DeLuca International, LLC | Debtor |
| Dean & DeLuca Small Format, LLC | Debtor |
| Dean & DeLuca New York, Inc. | Debtor |
| Dean & DeLuca Atlanta, LLC | Debtor |
| Dean & DeLuca Markets, LLC | Debtor |
| D&D Marketing, LLC | Debtor Affiliate |
| D&D Productions, LLC | Debtor Affiliate |
| D&D Fourteen Ltd. | Debtor Affiliate |
| D&D Cafes of NC, LLC | Debtor Affiliate |
| D&D Mount Ltd. | Debtor Affiliate |
| D&D Small Format LQ, LLC | Debtor Affiliate |
| D&D Consumer Brands Inc. | Debtor Affiliate |
| D&D New Jersey, Inc. | Debtor Affiliate |
| D&D Espresso DC, Inc. | Debtor Affiliate |
| D&D Incorporated | Debtor Affiliate |
| D&D Imports, Inc. | Debtor Affiliate |
| D&D Brands Hawaii, LLC | Debtor Affiliate |
| Gaetano & Barteau | Debtor Affiliate |
| D&D Madison Ave, Inc. | Debtor Affiliate |
| D&D Espresso, Inc. | Debtor Affiliate |
| D&D Georgetown, Inc. | Debtor Affiliate |
| D&D Call Center, Inc. | Debtor Affiliate |
| Sorapoj Techakraisri | Officer/Director |
| Charles Finch | Former Director |
| Bayani Lauraya | Former Director |
| Pace Development Corporation | Indirect Equity Holder |
| Pace Food Retail Co., Ltd. | Equity Holder |
| Brown Rudnick LLP | Debtors' counsel |
| Argus Management Corporation | CRO Support |
| Lawton Bloom | Co-CRO |
| Joseph Baum | Co-CRO |
| Arent Fox LLP | Committee Counsel |
| Ankura | Committee Financial Advisor |
| Emerald Capital Advisors | Former Financial Advisor and Officer Support |
| John Madden | Former Officer |
| Christopher Moffatt | Former Officer |
| Siam Commercial Bank Public Company Limited | Secured Creditor |
| Chapman and Cutler LLP | Secured Creditor |

| Entity Name | Relationship to Debtor |
|---|---|
| | Counsel |
| Internal Revenue Service Center | Significant Creditor |
| Interserv | Significant Creditor |
| OS Development NY LLC. | Significant Creditor |
| US Foods Inc. | Significant Creditor |
| Accenture LLP | Significant Creditor |
| Laura Lendrum | Significant Creditor |
| United Parcel Service | Significant Creditor |
| 40 Wall Street LLC | Significant Creditor |
| The Chef's Warehouse/Dairyland | Significant Creditor |
| Four Seasons Produce Inc. | Significant Creditor |
| Lagardere Unlimited Consulting, LLC | Significant Creditor |
| Ernst & Young LLP | Significant Creditor |
| Andrew Adams Inc. | Significant Creditor |
| North Rip Trading, Inc. | Significant Creditor |
| Mcgriff, Seibels & Williams, Inc. | Significant Creditor |
| Jamestown Premier Malibu Village, LP | Significant Creditor |
| Finch & Partners | Significant Creditor |
| Cushman & Wakefield, Inc. | Significant Creditor |
| Ministry Of Finance | Significant Creditor |
| Luxe Collective Group | Significant Creditor |
| Cooling Guard | Significant Creditor |
| Hale & Hearty | Significant Creditor |
| I Am Other Ventures, LLC | Significant Creditor |
| Meade Digital Enterprises Corp. | Significant Creditor |
| Oasis Staffing | Significant Creditor |
| Nahan | Significant Creditor |
| Rsj Group Corporation/Rosanjin | Significant Creditor |
| Mariage Freres International S.A. | Significant Creditor |
| Dean & DeLuca Japan Co., Ltd. | Significant Licensee |
| Avancer Panama S.A. | Significant Licensee |
| PACREP LLC | Significant Licensee |
| Lagardere Travel Retail | Significant Licensee |
| New Galaxy Entertainment Company Limited | Significant Licensee |
| VISS Group SDN. BHD. | Significant Licensee |
| Alshaya Trading Co. WLL | Significant Licensee |
| MeMa Gida Sanayi Ticaret A.S. | Significant Licensee |
| Kitchen Language Pte, Ltd. | Significant Licensee |
| Shinsegae Co. Ltd. | Significant Licensee |
| Shinsegae Food Inc. | Significant Licensee |
| Shinsegae Inc. | Significant Licensee |
| Dean & DeLuca (Thailand) Co., Ltd. | Significant Licensee / Equity Holder Affiliate |
| Pace Development Co. Ltd. | Significant Licensee / Equity Holder Affiliate |
| Dean & DeLuca Asia (Thailand) Co., Ltd. | Significant Licensee / Equity Holder Affiliate |
| 33 Ninth Retail Owner LLC | Litigation Party |

| Entity Name | Relationship to Debtor |
|---|---|
| 40 Wall Street LLC | Litigation Party |
| 560 Associated Delaware LLC | Litigation Party |
| 5900 Wilshire LLC | Litigation Party |
| A&L Enterprises | Litigation Party |
| Agri Exotic Trading Inc. | Litigation Party |
| Airgas USA, LLC | Litigation Party |
| Amy Scherber Inc. (Amy's Bread) | Litigation Party |
| Amy's Cookies, Inc. | Litigation Party |
| Andrew Adams Inc. | Litigation Party |
| Arandell Corporation | Litigation Party |
| Bartlett Dairy, Inc. | Litigation Party |
| Be Nice or Leave! Productions, Inc. D/B/A Ericas Rugelach & Baking Co. | Litigation Party |
| Becker, Ann | Litigation Party |
| Berry Companies, Inc. | Litigation Party |
| Bespoke Provisions Inc | Litigation Party |
| Bien Cuit LLC | Litigation Party |
| BMB Commercial Corp | Litigation Party |
| Cain, Robert | Litigation Party |
| Cameron Industry LLC | Litigation Party |
| Cedar Street Toffee LLC | Litigation Party |
| Cheezwhse.Com, Inc. D/B/A World's Best Cheeses, Inc. | Litigation Party |
| Cintas Corp. | Litigation Party |
| Cityspire, Inc. | Litigation Party |
| CLW Distributors, Inc. | Litigation Party |
| Coastal Sunbelt | Litigation Party |
| Colorado Security Agency | Litigation Party |
| Commercial Mechanical Inc of Kansas | Litigation Party |
| Cookie Do, Inc. | Litigation Party |
| Cooling Guard | Litigation Party |
| Counter Culture Coffee, Inc. | Litigation Party |
| Coyote Logistics, LLC | Litigation Party |
| Creditors Adjustment Bureau, Inc. | Litigation Party |
| Dairyland USA Corp. | Litigation Party |
| D'Artagnan, LLC | Litigation Party |
| Del-Orden | Litigation Party |
| Design Ideas, Ltd. | Litigation Party |
| Down East Seafood, Inc. | Litigation Party |
| Dupal Enterprises LLC | Litigation Party |
| East Coast Juice (Krystal Fruits & Vegetables Inc.) | Litigation Party |
| Eleni's NYC, Inc. | Litigation Party |
| Environmental Mechanical Contractors Inc | Litigation Party |
| Essex St. Limited Partnership | Litigation Party |
| Euler Hermes North America Insurance Company | Litigation Party |
| Euro USA | Litigation Party |
| Flagship Logistics Group LLC | Litigation Party |
| Four Seasons Produce Inc. | Litigation Party |
| Fulton Fish Market (Meade Digital) | Litigation Party |

| Entity Name | Relationship to Debtor |
|---|---|
| Gary E. Looney | Litigation Party |
| Green and Ackerman Bakery, Inc. | Litigation Party |
| Greenpoint Coffee Roasting Company, LLC | Litigation Party |
| H&L. Electric Inc. | Litigation Party |
| Hammond's Candies Since 1920 II, LLC | Litigation Party |
| Harris Companies | Litigation Party |
| ISB Food Group, LLC | Litigation Party |
| J. Kings Food Service Professionals, Inc. | Litigation Party |
| Jamestown Premier Malibu Village, L.P. | Litigation Party |
| Jeremie Corp. | Litigation Party |
| Kansas Department of Revenue | Litigation Party |
| Karl Bissinger LLC, et al. | Litigation Party |
| Keany Produce Co. | Litigation Party |
| Kenzo Estate, Inc | Litigation Party |
| Kermit Lynch Wine Merchant, A Corporation | Litigation Party |
| KF Investments LLC | Litigation Party |
| Laura Lendrum | Litigation Party |
| London Manhattan Corp. | Litigation Party |
| MTLR Corp. | Litigation Party |
| Nahan Printing, Inc. | Litigation Party |
| Newell Brands, Inc | Litigation Party |
| Northridge Warehouse, LLC | Litigation Party |
| Now Designs | Litigation Party |
| Oakville Produce Partners, LLC | Litigation Party |
| Oasis Staffing, Inc. | Litigation Party |
| Oven Artisans, Inc. D/B/A Orwasher's Bakery | Litigation Party |
| PGA Tour Inc. | Litigation Party |
| Plymouth Artisan Cheese, LLC | Litigation Party |
| R Hochman Paper, Inc. | Litigation Party |
| R&R Land, LLC | Litigation Party |
| RSJ Group Corp. | Litigation Party |
| Saley-Hima | Litigation Party |
| Savannah Bee Company, Inc. | Litigation Party |
| SLG Graybar Mesne Lease LLC | Litigation Party |
| Sunflower Hills Inc | Litigation Party |
| The Arnold Group | Litigation Party |
| The Bernard Group, Inc | Litigation Party |
| The Execu/Search Group, LLC | Litigation Party |
| Tisserie Factory, LLC D/B/A Tisserie Bakery | Litigation Party |
| Trans-Herb E, Inc. | Litigation Party |
| United Parcel Service, Inc. | Litigation Party |
| US Foods, Inc. | Litigation Party |
| Walker Towel & Uniform Service, Inc. | Litigation Party |
| WAM Investments # 8, LLC | Litigation Party |
| White Plains Linen | Litigation Party |
| Wine Warehouse | Litigation Party |
| William K. Harrington | United States Trustee |
| Linda Riffkin | SDNY U. S. Trustee |

| Entity Name | Relationship to Debtor |
|---|---|
| Victor Abriano | SDNY U. S. Trustee |
| Susan Arbeit | SDNY U. S. Trustee |
| Maria Catapano | SDNY U. S. Trustee |
| Danny A. Choy | SDNY U. S. Trustee |
| Benjamin Higgins | SDNY U. S. Trustee |
| Nadkarni Joseph | SDNY U. S. Trustee |
| Brian S. Masumoto | SDNY U. S. Trustee |
| Ercilia A. Mendoza | SDNY U. S. Trustee |
| Mary V. Moroney | SDNY U. S. Trustee |
| Richard C. Morrissey | SDNY U. S. Trustee |
| Serene Nakano | SDNY U. S. Trustee |
| Cheuk M. Ng | SDNY U. S. Trustee |
| Alaba Ogunleye | SDNY U. S. Trustee |
| Ilusion Rodriguez | SDNY U. S. Trustee |
| Andrea B. Schwartz | SDNY U. S. Trustee |
| Paul K. Schwartzberg | SDNY U. S. Trustee |
| Shannon Scott | SDNY U. S. Trustee |
| Sylvester Sharp | SDNY U. S. Trustee |
| Andy Velez-Rivera | SDNY U. S. Trustee |
| Madeleine Vescovacci | SDNY U. S. Trustee |
| Greg M. Zipes | SDNY U. S. Trustee |
| Hon. Cecelia G. Morris | SDNY U.S. Bankruptcy Court Judge |
| Hon. Stuart M. Bernstein | SDNY U.S. Bankruptcy Court Judge |
| Hon. Shelley C. Chapman | SDNY U.S. Bankruptcy Court Judge |
| Hon. Robert D. Drain | SDNY U.S. Bankruptcy Court Judge |
| Hon. James L. Garrity Jr. | SDNY U.S. Bankruptcy Court Judge |
| Hon. Martin Glenn | SDNY U.S. Bankruptcy Court Judge |
| Hon. Robert E. Grossman | SDNY U.S. Bankruptcy Court Judge |
| Hon. Sean H. Lane | SDNY U.S. Bankruptcy Court Judge |
| Hon. Michael E. Wiles | SDNY U.S. Bankruptcy Court Judge |
| Hon. Ronnie Abrams | SDNY US District Court Judge |
| Hon. Deborah A. Batts | SDNY US District Court Judge |
| Hon. Richard M. Berman | SDNY US District Court Judge |
| Hon. Vincent L. Briccetti | SDNY US District Court Judge |
| Hon. Vernon S. Broderick | SDNY US District |

| Entity Name | Relationship to Debtor |
|---|---|
| | Court Judge |
| Hon. Naomi Reice Buchwald | SDNY US District Court Judge |
| Hon. Valerie E. Caproni | SDNY US District Court Judge |
| Hon. Andrew L. Carter Jr. | SDNY US District Court Judge |
| Hon. P. Kevin Castel | SDNY US District Court Judge |
| Hon. Denise L. Cote | SDNY US District Court Judge |
| Hon. Paul A. Crotty | SDNY US District Court Judge |
| Hon. George B. Daniels | SDNY US District Court Judge |
| Hon. Paul A. Engelmayer | SDNY US District Court Judge |
| Hon. Katherine Polk Failla | SDNY US District Court Judge |
| Hon. Jesse M. Furman | SDNY US District Court Judge |
| Hon. Paul G. Gardephe | SDNY US District Court Judge |
| Hon. Charles S. Haight | SDNY US District Court Judge |
| Hon. Philip M. Halpern | SDNY US District Court Judge |
| Hon. Alvin K. Hellerstein | SDNY US District Court Judge |
| Hon. Lewis A. Kaplan | SDNY US District Court Judge |
| Hon. Kenneth M. Karas | SDNY US District Court Judge |
| Hon. John F. Keenan | SDNY US District Court Judge |
| Hon. John G. Koeltl | SDNY US District Court Judge |
| Hon. Lewis J. Liman | SDNY US District Court Judge |
| Hon. Victor Marrero | SDNY US District Court Judge |
| Hon. Colleen McMahon | SDNY US District Court Judge |
| Hon. Alison J. Nathan | SDNY US District Court Judge |
| Hon. J. Paul Oetken | SDNY US District Court Judge |
| Hon. William H. Pauley III | SDNY US District Court Judge |

| Entity Name | Relationship to Debtor |
|---|---|
| Hon. Loretta A. Preska | SDNY US District Court Judge |
| Hon. Jed S. Rakoff | SDNY US District Court Judge |
| Hon. Edgardo Ramos | SDNY US District Court Judge |
| Hon. Nelson S. Roman | SDNY US District Court Judge |
| Hon. Lorna G. Schofield | SDNY US District Court Judge |
| Hon. Cathy Seibel | SDNY US District Court Judge |
| Hon. Louis L. Stanton | SDNY US District Court Judge |
| Hon. Sidney H. Stein | SDNY US District Court Judge |
| Hon. Richard J. Sullivan | SDNY US District Court Judge |
| Hon. Laura Taylor Swain | SDNY US District Court Judge |
| Hon. Analisa Torres | SDNY US District Court Judge |

# Exhibit 2

## Disclosure of SEA&L

Saul Ewing Arnstein & Lehr LLP ("SEA&L"), with offices in Boca Raton, Fort Lauderdale, Miami and West Palm Beach, Florida, Chicago, Illinois, Philadelphia, Harrisburg, Chesterbrook, and Pittsburgh Pennsylvania, Newark and Princeton, New Jersey, Baltimore, Maryland, Washington, D.C., Wilmington, Delaware New York, New York, Minneapolis, Minnesota and Boston, Massachusetts, employs approximately 400 attorneys and has a large and diversified legal practice which encompasses the representation of many businesses, financial institutions, individuals and other creditors. As part of its diverse practice, SEA&L appears in numerous cases, proceedings, and transactions involving many different professionals, including other attorneys, accountants, financial consultants and investment bankers. Based on SEA&L's current knowledge of the professionals, lenders, creditors, equity holders and other significant parties-in-interest involved in these cases, SEA&L makes the following disclosures:

| Entity | Relationship to Debtors | Relationship to SEA&L |
|---|---|---|
| Accenture LLP | Significant Creditor | Former client in matters unrelated to the Debtors |
| Cintas Corporation | Litigation Party | Former client in matters unrelated to the Debtors |
| Brown Rudnick LLP | Debtors' Counsel | Former client in matters unrelated to the Debtors |
| Cushman & Wakefield, Inc. | Significant Creditor | Former client in matters unrelated to the Debtors |
| Euro USA (and Euro USA Midwest) | Litigation Party | Current client in matters unrelated to the Debtors |
| Lagardere Unlimited Consulting, LLC | Significant Creditor | Former client in matters unrelated to the Debtors |
| Nahan, LLC (847489) | Significant Creditor | Former client in matters unrelated to the Debtors |
| UPS-Supply Chain Solutions, Inc. (presumably related to United Parcel Service) | Litigation Party and Significant Creditor | Former client in matters unrelated to the Debtors |
| Siam Commercial Bank | Secured Creditor | Current client in matters unrelated to the Debtors |

# Exhibit C

**BAUM DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| DEAN & DELUCA NEW YORK, INC., *et al.*, | : | Case No. 20-10916 (MEW) |
| | : | |
| Debtors. [1] | : | Jointly Administered |
| | : | |
| | : | |
| | : | |

**DECLARATION OF JOSEPH BAUM IN SUPPORT OF DEBTORS'**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF SAUL EWING**
**ARNSTEIN & LEHR LLP AS SPECIAL COUNSEL TO THE DEBTORS**

I, Joseph Baum, being duly sworn, state the following under penalty of perjury.

1.      I am a Co-Chief Restructuring Officer ("Co-CRO") for each of the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). In that capacity, I am responsible for supervising outside counsel and controlling legal costs in the Chapter 11 Cases. I was appointed Co-CRO on March 30, 2020. I am a Managing Director of Argus Management Corporation ("Argus") and hold CPA, CIRA, CFE, and CFF certifications. I have been employed by Argus since 2016 and have over 20 years of experience as a senior financial consultant to distressed companies both in and out of court.

2.      I am familiar with the matters set forth herein and make this declaration (this "Declaration") in support of the application filed by the Debtors ("Application")[2] to retain

---

[1]     The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean & Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

[2]     Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Application.

SEA&L as special counsel to the Debtors. I am duly authorized to make this Declaration on behalf of the Debtors.

3.     Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

### The Debtors' Selection of SEA&L as Counsel

4.     The Debtors selected SEA&L to serve as special counsel in these Chapter 11 Cases at the recommendation of Brown Rudnick and because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and its ability to work in an efficient and cost-effective manner on behalf of the Debtors' estates.  In light of this recommendation and SEA&L's extensive experience, the Debtors did not interview any additional firms for the role of special counsel.

### Rate Structure

5.     In my capacity as Co-CRO, my responsibilities extend to the supervision of counsel through the monitoring of costs, including legal costs, and I participate in monitoring and controlling costs of the business, including legal costs.  SEA&L has informed the Debtors that its rates for bankruptcy representations are comparable to the rates that SEA&L charges for non-bankruptcy representations.

36990345.1 05/28/2020

## **Cost Supervision**

6.      SEA&L and the Debtors are in the process of developing a prospective budget and staffing plan. The Debtors recognize that in large chapter 11 cases such as these, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and SEA&L. The Debtors also recognize that it is their responsibility to closely monitor the billing practices of SEA&L and their other counsel to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations taking into account the exigencies of these chapter 11 cases. To that end, the Debtors will continue to review and monitor the regular invoices submitted by SEA&L and, together with SEA&L, periodically amend the budget and staffing plans to reflect developments in the case as applicable.

7.      As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during these chapter 11 cases and ensure that the Debtors are an active participant in that process. Recognizing that every chapter 11 case is unique, the Debtors, together with SEA&L, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

8.      Based on the foregoing, the Debtors believe it is necessary to retain and employ SEA&L as special counsel, and that such employment is in the best interests of the Debtors and their estates.

36990345.1 05/28/2020

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 28, 2020        **Dean & DeLuca New York, Inc. and its affiliated Debtors and Debtors in Possession**

By:    */s/ Joseph Baum*
      Name: Joseph Baum
      Title: Co-Chief Restructuring Officer

63778589 v1

4