**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DEAN & DELUCA NEW YORK, INC., | : | Case No. 20-10916 (MEW) |
| *et al.* | : |  |
|  | : | (Jointly Administered) |
| Debtors.[1] | : |  |
|  | : |  |

**SUPPLEMENTAL DECLARATION OF JOSEPH BAUM IN SUPPORT OF
MOTION OF THE DEBTORS TO MODIFY THE ARGUS
MANAGEMENT CORPORATION RETENTION ORDER TO PERMIT
EMPLOYMENT OF CFGI PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)
TO PROVIDE THE DEBTORS WITH CHIEF RESTRUCTURING
OFFICERS AND RELATED MANAGERIAL SERVICES AND ASSISTANCE**

I, Joseph Baum, declare under penalty of perjury:

1.      I am a Partner of CFGI ("CFGI"), a financial advisory services firm with offices in New York, New York; Boston, Massachusetts; Philadelphia, Pennsylvania; San Francisco, California; Washington, D.C.; Dallas, Texas; Charlotte, North Carolina; and Stamford, Connecticut.  I submit this Declaration (the "Supplemental Declaration") on behalf of CFGI, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in support of the *Motion of the Debtors to Modify the Argus Management Corporation Retention Order to Permit Employment of CFGI Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Provide the Debtors with Chief Restructuring Officers and Related Managerial Services and Assistance* [Docket No. 322] (the "Motion"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

---

[1]   The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean & Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

2.      To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither CFGI, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. CFGI may have relationships with certain of the Debtors' creditors and vendors that have no bearing on this Chapter 11 case.

3.      On February 8, 2018, CFGI received an investment from an investment vehicle formed by Carlyle Global Financial Services Partners III, L.P. ("CGFSP III"), an investment fund advised by Carlyle Investment Management L.L.C., each affiliates of The Carlyle Group (together with its subsidiaries, "Carlyle").  As a result of the transaction, CFGI and CGFSP III are affiliates under applicable law.

4.      Carlyle is a global alternative asset manager with more than 1,800 employees in 19 countries over six continents that manages over $221 billion in over 389 active investment vehicles spanning Corporate Private Equity, Real Assets, Global Credit, and Investment Solutions. Carlyle's Corporate Private Equity funds, Real Assets funds, Global Credit  funds,  and  Investment  Solutions funds  (collectively,  the  "Funds")  are managed independently from each other, and Carlyle maintains an internal information barrier between its Global Credit funds and the rest of the Carlyle funds. CGFSP III, Global Financial Services Partners II, L.P and Global Financial Services Partners, L.P, (collectively, "CGFSP") are Corporate Private Equity funds that each are owned by a diverse group of limited partners, which exert no control over investment decisions, and a general partner affiliated with Carlyle. All CGFSP investment professionals involved with CFGI are dedicated solely to CGFSP and are not involved in the Real Assets, Global Credit or Investment Solutions businesses, although, from time to time, one or more CGFSP investment professionals may sit on the investment committee of another Corporate Private Equity fund. CGFSP makes independent investment decisions from the other Corporate Private Equity funds, the Global Credit funds, the Real Assets funds, and the Investment Solutions funds.

5.     CFGI has searched the names of the Debtors and the names of the potential parties in interest provided by the Debtors against: (i) the names of the CGFSP funds, (ii) the names of Carlyle's other Corporate Private Equity funds, and (iii) the names of the Real Asset funds. CFGI also has searched the names of the Debtors against the public investments of the Corporate Private Equity funds as set forth in the list most recently provided to CFGI by Carlyle's internal compliance department ("Carlyle Compliance").  The conflicts search does not include the names of the Global Credit funds, the Investment Solutions funds, or any of their or the other Corporate Private Equity  funds' investments, nor does it include any portfolio companies of any of the Funds (other than those of CGFSP and the Corporate Private Equity funds as described above). Based solely on the foregoing search, CFGI has determined, to the best of its knowledge, that there are no material connections that require disclosure other than as set forth herein. Because of any applicable securities laws and the fact that CFGI and Carlyle operate independently, CFGI was unable to further investigate with Carlyle Compliance, to the extent necessary, any potential or actual connection between any of CGFSP, the other Corporate Private Equity funds, and the Real Assets funds, and the Debtors and the potential parties in interest. To the extent CFGI learns of any material connections involving such entities and/or such investments with the Debtors, CFGI will promptly file a supplemental disclosure.

6.     Notwithstanding anything to the contrary contained herein, one or more of the Funds may, in the ordinary course and from time to time, hold, control and/or manage loans to, or investments in, the Debtors and/or potential parties in interest and/or may trade debt and/or equity securities in the Debtors and/or potential parties in interest. In addition, the Funds also may have had, currently have, or may in the future have business relationships or other connections with the Debtors or other potential parties in interest. Other than as specifically

noted herein, CFGI has not undertaken to determine the existence, nature and/or full scope of any business relationships or other connections that any Carlyle entity may have with the Debtors and their affiliates or the potential parties in interest in these chapter 11 cases.

7.      In addition, CFGI may have had, may currently have or may in the future have business relationships with CGFSP and other subsidiaries of Carlyle including, among other entities, portfolio companies of Carlyle, unrelated to the Debtors.

8.      Based on, among other things, the business separation between CFGI and Carlyle and in light of the administrative nature of the services proposed to be performed by CFGI for the Debtors, CFGI believes that it does not hold or represent an interest adverse to the Debtors with respect to its engagement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Joseph Baum
Joseph Baum
Co-CRO